**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CG POWER SOLUTIONS USA INC, d/b/a**
**MSE POWER SYSTEMS,**

                                **Plaintiff,**

   vs.                                                   **1:11-CV-862**
                                                                **(MAD/DRH)**

**DGP POWER, LLC, JUSTIN DUNKELBERGER,**
**SEAN M. PURDY, TRUMAN C. PURDY and**
**JAMES P. GARMAN,**

                                **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

PHILLIPS LYTLE LLP                       Marc H. Goldberg, Esq.
Omni Plaza
30 South Pearl Street
Albany, New York 12207
*Attorneys for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff brings the within action to enforce its rights under an Amended and Restated Loan Agreement and Promissory Note ("Loan Agreement") with defendants and its rights under a Continuing General Guaranty between the individual defendants. Presently before the Court is plaintiff's motion for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 14).

**II.    BACKGROUND**

The Court has taken the facts set forth below from plaintiff's pleading and submissions.[1] Plaintiff is a New York corporation with its principal place of business in Albany, New York. Defendant DGP is a Pennsylvania limited liability company with an office for the transaction of business in Sunbury, Pennsylvania. The individual defendants are residents of Pennsylvania. On January 18, 2011, defendant DGP executed and delivered a Loan Agreement to plaintiff. Under the Loan Agreement, plaintiff loaned $255,000.00 to defendant to be used in connection with various solar projects defendant was developing in Pennsylvania. The loan provided for the payment of interest at the rate of 7.5% per annum. The loan was secured by a Security Agreement and Authorization to File Financing Statements ("Security Agreement") executed on July 20, 2010 between plaintiff and defendant and a Collateral Assignment of Lessee's Interest in Lease ("Collateral Assignment") executed on July 28, 2010 between plaintiff and defendant. Repayment of the loan was also guaranteed jointly and severally by the individual defendants pursuant to a Continuing General Guaranty executed on July 28, 2010. In the Continuing General Guaranty, the individual defendants agreed to reimburse plaintiff for all expenses, including counsel fees, incurred pursuant to an action to enforce payment of defendant's indebtedness:

> NOW, THEREFORE, in consideration of the promises set forth herein and of other good and valuable consideration and in order to induce Creditor to loan funds to Borrower, the undersigned unconditionally guarantees to Creditor, jointly and severally, the payment of all liabilities of Borrower to Creditor of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by Creditor by assignment or otherwise, whether matured or unmatured and whether absolute of contingent arising out of the Loan Agreement and Promissory Note.

On March 15, 2011, the loan matured. On April 18, 2011, plaintiff sent a Demand for Payment to defendants via certified and electronic mail. The principal amount under the Loan

---

[1] Defendants have submitted no contrary evidence as to the material facts.

Agreement and accrued interest has not been paid. As of June 30, 2011, the total amount owed to plaintiff was $272,033.33 including accrued interest. On July 22, 2011, plaintiff filed the complaint in this action. No papers have been filed by defendants.

## III. DISCUSSION

### A. Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on July 22, 2011. On August 15, 2011, plaintiff filed the returns of service with the Court. Plaintiff avers that defendants never answered or otherwise moved with respect to the complaint, thus on September 7, 2011, plaintiff requested a clerk's entry of default. Said default was entered on September 13, 2011. On September 15, 2011, plaintiff filed a notice of motion for default judgment pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2). Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

### B. Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing

3

*Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)).  The allegations in plaintiffs' complaint and supporting papers are therefore presumed accurate.

Plaintiff claims that defendants defaulted on their obligations under the Loan Agreement and further, that the individual defendants breached their obligations under the Continuing General Guaranty.  The complaint included the following exhibits: (1) the Loan Agreement; (2) the Security Agreement; (3) the Collateral Assignment; (4) the Continuing General Guaranty; and (5) the Demand for Payment.  Defendants' conduct, as alleged, stands in violation of its agreements with plaintiff.  By failing to answer plaintiff's complaint or oppose this motion, defendants have effectively conceded that they are bound by the terms of the agreements they entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest, costs, and attorneys' fees.

**C.     Damages**

**1.     Unpaid Principal and Interest**

According to the complaint, the loan matured on March 15, 2011.  Plaintiff has presented evidence demonstrating that the entire amount of the principal remains outstanding.  The Loan Agreement provides, "[t]he unpaid principal amount hereof shall bear interest from the date hereof at the rate of Seven and One-Half per centum (7.5%) per annum, until all principal hereof has been paid in full."  As such, the Court awards plaintiff damages in the amount of $272,033.33 plus interest at the contractual rate of 7.5% per year to the date of entry of judgment.

**2.     Attorneys' Fees and Costs**

Plaintiff requests attorneys' fees in the amount of $4,120.50 and costs in the amount of $1.071.59 associated with efforts in the instant matter.[2]  With respect to attorneys' fees, "the

---

[2] Plaintiff erroneously calculated costs in connection with this matter as follows: $350.00 + $721.59 = $1,793.28 (350.00 +721.59 = 1,071.59).

4

general rule is that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule' ". *Travelers Cas. and Sur. Co. v. Dale*, 542 F.Supp.2d 260, 264 (S.D.N.Y. 2008) (based upon the contract language, the defendant intended to waive the benefit of the general rule and compensate the plaintiff for attorneys' fees, expenses and costs). Here, defendants agreed to reimburse plaintiff, "for all expenses (including counsel fees) incurred by Creditor in connection with any of the Liabilities of the Borrower or the collection thereof". *See* Pltf. Cmplt., Ex. 5.

Plaintiff submits detailed time records that demonstrate that attorney hours were spent on this matter. Plaintiff purports to have arrived at the $4,120.50 figure based on the work of three attorneys: Paul Morrison-Taylor (admitted in 1981), Jeffrey Schwartz (admitted in 1996) and Marc Goldberg (admitted in 1988). Mr. Goldberg is an associate with Phillips Lytle and received his law degree in 1987. He has been practicing with the firm since 2006. Mr. Morrison-Taylor and Mr. Goldberg are partners in the same firm. All three attorneys have experience in commercial and civil litigation in federal court. Plaintiff submitted a schedule representing the time, and costs incurred from July 2011 until September 2011 as a result of defendants' breach of its obligations. The total amount breaks down as follows:

| | |
|---|---|
| Attorney PMT (Paul Morrison-Taylor) 7.5 hours x  $345.00/hr | = $2,587.50 |
| Attorney JBS (Jeffrey Schwartz) 1.1 hours x $330.00/hr | = $   363.00 |
| Attorney MHG (Marc H. Goldberg) 3.9 hours x $300.00/hr | =$ 1,170.00 |
| Total Attorneys' Fees | =$ 4,120.50 |
| Costs | = $ 1,079.59 |
| Total | = $ 5,200.09 |

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008).   The prevailing community is the district in which the court sits. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).   In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n. 3.

In this District, cases have upheld an hourly rate for a partner of between $250 and $345. *Jimico Enter., Inc. v. Lehigh Gas Corp.*, 2011 WL 4594141, at *10 (N.D.N.Y. 2011) (collecting cases).   Based upon the experience level of the attorneys involved in this litigation, the Court finds that the rates in this action are reasonable.  Having reviewed counsel's billing statements, the Court also finds that counsels' hours and the costs associated with pursuing this action are supported by contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done. *See id.*   Accordingly, plaintiff's request for attorneys' fees and costs in the amount of $5,200.09 is granted.

### IV.   CONCLUSION

It is hereby

6

**ORDERED** that in view of default by defendants in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendants on September 13, 2011, and no appearance or objection having been made by defendants since that time, plaintiff's motion for default judgment (Dkt. No. 14) against defendants is **GRANTED**; and it is further that

**ORDERED** that plaintiff is awarded $272,033.33 plus interest at the contractual rate of 7.5% per year to the date of entry of judgment in damages against defendants; and it is further

**ORDERED** that plaintiff is awarded $5,200.09 in attorneys' fees and costs against defendants.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 24, 2011

_____
Mae A. D'Agostino
U.S. District Judge